MONMOUTH COUNTY ORPHANS COURT.

IN THE MATTER OF THE ESTATE OF SOPHIA E. WILLISTON, DECEASED.

Decided December 21, 1939.

For the petitioner, Edward B. Talcott, *Milton M. Unger.*

For Margaret ·F. McLaughlin, acting guardian, *J. Victor Carton,* appearing for *Chester B. McLaughlin.*

Formerly representing Sophia E. Williston, guardian, now deceased, *William E. Foster.*

GIORDANO, Judge.   This matter comes on before me in the form of a petition addressed to the court by one Edward B. Talcott of the borough of Point Pleasant, in the county of Ocean, in this state, as next friend for Louise Williston, an incompetent party.   The petition prays for the appointment of a guardian *ad litem* for the purpose of taking an appeal from the probate of the last will and testament of Sophia E. Williston, mother of the incompetent party, which last will and testament was admitted to probate by the surrogate of the county of Monmouth on March 29th, 1937.

The Bank of New York and Trust Company and John Foster Dulles produced before the surrogate a paper-writing

purporting to be the last will and testament of the said Sophia
E. Williston, deceased, wherein the said Bank of New York
and Trust Company and John Foster Dulles were named as
executors thereof.

On March 29th, 1937, the surrogate made an order admit-
ting said paper-writing to probate as and for the last will
and testament of said Sophia E. Williston, deceased, and did
on that day grant letters testamentary thereof to said Bank
of New York and Trust Company, one of the executors in
said will and subsequently on April 30th, 1938, did grant
additional letters testamentary to John Foster Dulles, another
of the executors named in said will.

It is contended in the petition that the order of the sur-
rogate admitting the said will to probate and issuing letters
testamentary thereon is erroneous, improper and contrary to
law because at the time of the making and of the supposed
execution of said paper-writing, and for a long time prior
thereto, the said Sophia E. Williston was of unsound mind
and as such was incapable of disposing of her estate by will,
and it is further contended in the petition that at the time
said will was probated the said Louise Williston had been
adjudged incompetent by the Court of Chancery of New
Jersey, and was, at that time, confined to the Payne-Whitney
Memorial Hospital in the city of New York; that she was
thereafter transferred from said hospital to New York Hos-
pital, Westchester Division, White Plains, New York, where
she is now confined and to which institution she was formerly
committed by an order made by the County Court of West-
chester, New York, on March 30th, 1938.

The petition further recites that on or about the 18th day
of April, 1939, the said Louise Williston, as petitioner, and
petitioner, Edward B. Talcott, on her behalf, pursuant to a
notice theretofore given to Margaret E. McLaughlin, guardian
of the said Louise Williston, filed a petition in the Court of
Chancery of New Jersey to traverse the inquisition in the
cause in which the said Louise Williston was adjudged to be
an incompetent in the Court of Chancery of New Jersey, or
to award an issue to try the fact of lunacy, and whether she

was capable of the government of herself, her lands and tenements, goods and chattels and such proceedings were had thereon that the Court of Chancery of New Jersey made an order on June 12th, 1939, wherein Ralph E. Lum, Esquire, one of the special masters of said court, was appointed to examine the said Louise Williston in the presence of Dr. Christopher C. Beling and Dr. Moses Keschner, two psychiatrists appointed by said court; that thereafter the said special master having conducted said examination and filed his report, from which it appeared that the said Louise Williston was incapable of managing her affairs and was suffering from a type of insanity, and that a traverse of the inquisition would be futile and that she was not capable of government of herself, her lands and tenements, goods and chattels; that thereafter and on or about the 6th day of July, 1939, the said Court of Chancery made an order denying and dismissing the petition of the said Edward B. Talcott and the petition of the said Louise Williston, as aforesaid.

The petition further recites that Margaret F. McLaughlin was appointed substituted guardian of the said Louise Williston by the Orphans Court of this county on June 19th, 1937, and that she has continued so to be and is now acting as such guardian.

The question to be considered is whether this court should under the facts before it exercise its power and authority to grant the petition of Edward B. Talcott, as next friend, that he be appointed guardian *ad litem* for Louise Williston, incompetent, to appeal in her behalf from the probate of the will of her mother, notwithstanding that incompetent has a qualified and acting general guardian.

The time within which an appeal from the surrogate may be taken has elapsed. The proceeding of the surrogate is a finality until it is disturbed by a direct attack upon it. No attack has been made, and if one is made it should originate before the surrogate; the Orphans Court cannot on application set it aside.

Margaret F. McLaughlin, the appointed guardian, is acting under the authority of this court. Proofs are barren that

she is arbitrarily exercising this authority and that she is unjustifiably refusing to take the proceedings prayed for in the petition. The court is circumspect of any deviation from the statute unless it is obvious that an injustice is being done. I find no evidence which would justify the abrogation of the statute. No attack is made upon the appointment or upon the qualifications of the guardian, nor is there any proof before me that the guardian has an interest which is adverse to that of the incompetent person.

The power and authority which the courts have and which the courts are duty bound to exercise should be exerted when satisfied that it is for the best interests of the incompetent or insane person. The facts before me convey nothing more than an honest difference of opinion between this petitioner and the acting guardian.

I find no basis under the instant circumstances for the appointment of a guardian *ad litem,* and accordingly dismiss the petition and deny the application.